# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BETTY CROSS,**
        **Plaintiff,**

    v.                                                           Case No. 14-C-1563

**GOLDEN LIVING CENTER–SILVER SPRING,**
        **Defendant.**

---

## DECISION AND ORDER

Betty Cross has filed a complaint against Golden Living Center–Silver Spring, her former employer, and alleges that Golden Living violated the Americans with Disabilities Act by failing to reasonably accommodate her disability and eventually terminating her employment on the basis of her disability. Before me now is Golden Living's motion for judgment on the pleadings, see Fed. R. Civ. P. 12(c), in which Golden Living argues that Cross has failed to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6).

The following facts are taken from the amended complaint, the allegations of which I accept as true for purposes of deciding this motion. E.g., Evans v. Greenfield Banking Co., 774 F.3d 1117, 1119–20 (7th Cir. 2014). Between 1992 and 2012, Cross was the director of dining at Golden Living, which is a nursing home. Beginning in 2011, Cross began to experience chronic lower back pain. Eventually, she was diagnosed with chronic lower back pain, osteoarthritis, and lumbar disc herniation. By July 16, 2012, Cross's pain had become so severe that she could no longer work. At that time, she requested and was granted medical leave under the Family and Medical Leave Act ("FMLA"). By October

2012, Cross had exhausted the 12-week maximum leave under the FMLA, but she was still in too much pain to return to work. Cross then requested, and was granted, additional leave until the end of October as an accommodation under the ADA. In granting Cross this leave, Golden Living told her that if she required additional leave beyond October 31, she would have to submit a physician questionnaire completed by her doctor no later than October 22, 2012. By that date, Cross was still in too much pain to return to work, and thus her physician completed the questionnaire. Golden Living then granted Cross additional leave until December 1, 2012. Again, Golden Living told Cross that if she needed additional leave, she would have to submit another completed physician questionnaire by the end of November.

At the end of November, Cross's doctor faxed to Golden Living a third completed physician questionnaire. The amended complaint alleges that this questionnaire stated that Cross was still unable to work due to severe chronic back pain, that Cross' impairment is permanent, and that it was unknown when Cross would be able to return to work. Am. Compl. ¶ 21. Upon receipt of this completed questionnaire, the executive director of Golden Living asked Golden Living's legal department whether Cross's employment could be terminated. The legal department concluded that, given the apparently permanent nature of Cross's condition, termination was appropriate. The legal department noted in an internal email that Golden Living had provided almost two months of leave under the ADA and that it did not appear that extending that leave by another month would allow Cross to return to work. Am. Compl. ¶ 23. On December 4, 2012, Golden Living formally terminated Cross's employment.

In moving for judgment on the pleadings, Golden Living argues that Cross has pleaded facts showing that she was not a "qualified individual" and therefore has not stated a claim for a reasonable accommodation or for disability discrimination. The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To succeed on either a failure-to-accommodate or disparate-treatment claim under the ADA, a plaintiff must establish that she is a qualified individual. See, e.g., Stern v. St. Anthony's Health Center, __ F.3d __ , 2015 WL 3499838, at *15 n.4 (7th Cir. June 4, 2015).

Golden Living points out that cases hold that an employee who requires an indefinite leave of absence cannot perform the essential functions of his or her job and therefore is not a qualified individual. See Nowak v. St. Rita High Sch., 142 F.3d 999, 1004 (7th Cir. 1998); Weigel v. Target Stores, 122 F.3d 461, 467–68 (7th Cir. 1997). It then argues that Cross's physician's having stated that Cross's impairment is permanent and that it was unknown whether she would be able to return to work establishes as a matter of law that Cross could not perform the essential functions of her job without being granted an indefinite leave of absence. Therefore, argues Golden Living, Cross has pleaded herself out of court.

I will assume for purposes of this motion that if in fact Cross had required an indefinite leave of absence as a reasonable accommodation, she would not be a qualified individual. However, Cross's allegation concerning her physician's response to the questionnaire does not conclusively establish that she required an indefinite leave of absence. To be sure, this allegation strongly suggests that Cross required an indefinite

3

leave of absence, but it does not preclude her from attempting to prove that, in fact, she could have returned to work within a definite period, such as after an additional one month's leave. Cross could argue that her physician was mistaken in thinking that it was unknown when she would be able to return to work, or that her physician would have more carefully thought about how to describe her condition had he or she known that Golden Living would use the physician questionnaire to determine whether Cross's employment should be terminated. At this point, these seem like weak arguments, but I cannot say that their chances of success are negligible, such that Cross's claims must be dismissed without giving her a chance to prove that she could have performed the essential functions of her job had Golden Living granted her an additional one month's leave,[1] or granted her some other reasonable accommodation, such as a transfer to a vacant position for which she was qualified and could have performed even with her back pain. See Atkins v. City of Chicago, 631 F.3d 823, 831–32 (7th Cir. 2011) (stating that to avoid dismissal, a complaint, taken as a whole, "must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote").

Golden Living might respond by arguing that it was entitled to act on the physician's report even if Cross could have returned to work after being granted an additional one month's leave or some other reasonable accommodation. However, when a disabled employee requests a reasonable accommodation, the ADA requires the employer to

---

[1] I assume without deciding that an additional one month's leave would have been a reasonable accommodation. However, Golden Living is free to argue during future stages of this case that granting Cross an additional one month's leave would not have been reasonable.

4

engage in an "interactive process" with the employee to determine a reasonable accommodation. Equal Employment Opportunity Commission v. Sears, Roebuck & Co., 417 F.3d 789, 797 (7th Cir. 2005). If a disabled employee shows that her disability was not reasonably accommodated, the employer will be liable if it bears responsibility for the breakdown of the interactive process. Id. Based on the allegations of the complaint, one may plausibly infer that Golden Living was responsible for the breakdown of the interactive process: upon receipt of Cross's physician's report, Golden Living terminated Cross's employment without consulting her to determine whether some alternative to indefinite leave would have enabled her to return to work. Thus, if Cross is able to prove that she could have returned to work with a reasonable accommodation, Golden Living's failure to engage in the interactive process could result in liability.

Accordingly, **IT IS ORDERED** that Golden Living's motion for judgment on the pleadings is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge